Prabhkaran S. Bedi, Esq.
**BEDI RINDOSH**
1605 John Street, #305
Fort Lee, NJ 07024
Tel: 201.775.4222
Fax: 201.777.3975
pbedi@berilaw.com
Attorneys for Plaintiff
Donika Beka

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONIKA BEKA,<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRECLS WORLDWIDE CHAUFFEURED SERVICES, INC., JOHN and JANE DOE(s) 1-10 (fictitious persons yet to be identified) and ABC CORPORATION(s) 1-10 (fictitious entities),<br><br>Defendants. | Civ. Action No.:<br><br>**COMPLAINT WITH JURY DEMAND** |

The Plaintiff DONIKA BEKA, residing at 3844 Bailey Ave, Apt 3A Bronx, NY 10463 by way of this Complaint against Defendants, EMPIRECLS WORLDWIDE CHAUFFEURED SERVICES, INC., JOHN and JANE DOE(s) 1-10 (fictitious persons yet to be identified) and ABC CORPORATIONS 1-10 (fictitious entities) says:

**INTRODUCTION**

1. This is an action arising under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. (hereinafter

1

"NJLAD"), the New Jersey Worker's Compensation Law, N.J.S.A. § 34:15-1, et seq. (hereinafter "NJWCL") and the New Jersey Equal Pay Act, N.J.S.A. § 10:5-12, et seq. (hereinafter "NJEPA") seeking damages for discrimination against Plaintiff and termination of employment due to her gender and filing of a worker's compensation claim.

**PARTIES**

2. Plaintiff DONIKA BEKA (hereinafter "Plaintiff") is a natural born person who at all relevant times resided in the Bronx, New York. Plaintiff was employed by EMPIRECLS WORLDWIDE CHAUFFEURED SERVICES, INC. until termination on November 8, 2019.

3. Defendant EMPIRECLS WORLDWIDE CHAUFFEURED SERVICES, INC. (hereinafter "Defendant EMPIRECLS" or "EMPIRECLS") is a for profit corporation formed in, and operating pursuant to, the law of the State of New Jersey. EMPIRECLS has a principal place of business and/or corporate headquarters located at 225 Meadowlands Parkway Secaucus, New Jersey 07094.

4. Defendants JOHN and JANE DOE(s) 1-10 (hereinafter "Defendant DOE(s)") are unknown employees, contractors or agents of EMPIRECLS who were involved in the events that gave rise to Plaintiff's claim for relief. Defendant Doe(s) failed to take reasonable steps to end the unlawful conduct alleged in this complaint. Defendant Doe(s) are sued to effect the full

declaratory, injunctive relief and damages demanded by the Plaintiff.

5. Defendants ABC CORPORATION(s) 1-10 (hereinafter "Defendant ABC Corporation(s)") are unknown commercial entities who were involved in the events that gave rise to Plaintiff's claim for relief.

**JURISDICTION AND VENUE**

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different states.

7. The amount in controversy exceeds $75,000.

8. Jurisdiction is proper because the unlawful conduct by Defendant alleged in this Complaint occurred in the City of Secaucus, County of Hudson, State of New Jersey. Since these wrongs occurred in the District New Jersey and, upon reasonable belief, all of the parties reside, govern, and/or operate within this district so venue in this Court is proper under 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

9. Plaintiff, a female, is a professional driver and chauffeur. She has over five years of experience as a driver for hire.

10. Defendant EMPIRECLS provides chauffeured car services through several domestic and international locations.

11. Plaintiff was hired by EMPIRECLS as a chauffeur on November 26, 2018.

12. EMPIRECLS employs several hundred chauffeurs based out of its corporate office located in Secaucus, New Jersey. Less than ten chauffeurs are women.

13. It was well-known internally at EMPIRECLS that the best jobs and clients were assigned to male employees at the exclusion of female employees.

14. In fact, EMPIRECLS created an all-male group called RANK ONE DRIVERS, members of which were assigned the wealthiest clients known to tip the most.

15. Plaintiff inquired about being included in the RANK ONE DRIVERS group and asked how she can qualify to join the group.

16. Plaintiff was told she would have to pass a test to join the group.

17. Upon information and belief, there was no test to join the RANK ONE DRIVERS group.

18. Due to this favoritism, EMPIRECLS's male chauffeurs earned more money on average than the female chauffeurs.

19. Despite such discrimination, Plaintiff was an exemplary employee that received numerous compliments from the clients she served.

20. Plaintiff job performance was above average and once she served a client, they would often ask for her service again by name.

21. On February 21, 2019, Plaintiff slipped and fell on a client's driveway while dropping the off the client to her home in Glastonbury, Connecticut.

22. Immediately after being injured, Plaintiff notified EMPIRECLS regarding the incident in accordance with policy.

23. Thereafter, EMPIRECLS filed a worker's compensation claim on behalf of Plaintiff which remains ongoing.

24. Following Plaintiff's filing of the worker's compensation claim, EMPIRECLS began to treat her differently.

25. Plaintiff began treating for her injuries and required sporadic time off from work.

26. Each time, Plaintiff properly requested time off or provided advance notice to EMPIRECLS.

27. Plaintiff continues to receive ongoing treatment for her injury.

28. Plaintiff requested and EMPIRECLS approved additional time off for vacation, Plaintiff's grandfather's funeral, Plaintiff's civil court appearance and Plaintiff taking care of her son.

29. At all times, Plaintiff complied with all the provisions regarding advance notice and requesting time off as set forth in EMPIRECLS' Employee Handbook.

30. On November 8, 2019, Defendant EMPIRECLS terminated Plaintiff's employment.

31. Although Plaintiff had abided by all of the rules set forth in the Employee Handbook, she was not progressively disciplined with any warning, probation or suspension prior to termination.

32. Plaintiff's absenteeism and/or tardiness was used as pretext to terminate Plaintiff.

## COUNT I

**Violation of New Jersey's Law Against Discrimination, <u>N.J.S.A.</u> § 10:5-1, <u>et seq.</u>**

**(Gender Discrimination)**

33. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 31 of the Complaint as if set forth herein verbatim and at length.

34. Defendant terminated Plaintiff's employment because of her gender as a female driver in a male dominated company as set forth.

35. At all times during her employment, Plaintiff performed at a level that met her employer's legitimate expectations and even went above the expectations as evidenced

by the numerous compliments and requests Plaintiff received from clients.

37. Defendant nevertheless assigned all the best jobs to their male employees.

37. This constitutes as gender discrimination under New Jersey's Law Against Discrimination.

38. Defendants terminated Plaintiff's employment because of her gender, as such, the conduct of Defendant constitutes an unlawful discrimination against Plaintiff in violation of New Jersey's Law Against Discrimination N.J.S.A. § 10:51-1, et seq.

39. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged.

**WHEREFORE,** Plaintiff pray that this Court enter an order finding as follows:

    a. That a declaratory judgment be issued that the Plaintiff's rights have been violated as alleged above;

    b. that Plaintiff recover from Defendant compensatory damages, exemplary damages, punitive damages, attorney's fees, and such other monetary relief as may be deemed appropriate;

    c. that Plaintiff recover from Defendants prejudgment interest and post-judgment interest to the maximum extent permitted by law; and

    d. any other further relief as this Court deems just and proper.

## COUNT II

**Violation of New Jersey's Law Against Discrimination, N.J.S.A. § 10:5-1, et seq.**

**(Adverse Employment Action Based on Disability)**

40. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 38 of the Complaint as if set forth herein verbatim and at length.

41. Defendant terminated Plaintiff's employment because of her protected disability and/or perceived disability.

42. Rather than continuing to employ Plaintiff with or without reasonable accommodation, Defendant actually terminated Plaintiff's employment, because of her disability and/or perceived disability.

43. Specifically, Plaintiff was injured on the job while picking up and dropping off a client and had fallen on black ice.

44. As such, the only reasonable accommodation needed was her required time off from work to recover from her surgical procedures.

45. This condition constitutes a disability under New Jersey's Law Against Discrimination.

46. Plaintiff advised Defendant of her condition on multiple occasions, including in relation to seeking worker's compensation benefits prior to her termination.

47. Plaintiff has always fulfilled the essential demands and functions of the job.

48. Defendants terminated Plaintiff's employment because of her disability and as such, the conduct of Defendant constitutes an unlawful discrimination against Plaintiff in violation of New Jersey's Law Against Discrimination N.J.S.A. § 10:51-1, et seq.

49. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged.

**WHEREFORE**, Plaintiff pray that this Court enter an order finding as follows:

a. That a declaratory judgment be issued that the Plaintiff's rights have been violated as alleged above;

b. that Plaintiff recover from Defendant compensatory damages, exemplary damages, punitive damages, attorney's fees, and such other monetary relief as may be deemed appropriate;

c. that Plaintiff recover from Defendants prejudgment interest and post-judgment interest to the maximum extent permitted by law; and

d. any other further relief as this Court deems just and proper.

## COUNT III

**Violation of New Jersey's Workers Compensation Law, <u>N.J.S.A.</u> § 34:15-1, <u>et seq.</u>**

**(Workers Compensation Retaliation)**

50. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-47 of the Complaint as if set forth herein verbatim and at length.

51. Due to the injuries sustained while on the job, Plaintiff filed a worker's compensation claim.

52. Defendant thereafter retaliated against Plaintiff for filing this claim by terminating her employment.

53. The conduct of Defendant is unlawful retaliation against Plaintiff in violation of New Jersey Worker's Compensation Law, <u>N.J.S.A.</u> § 34:15-1, <u>et seq.</u>

54. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged.

**WHEREFORE**, Plaintiff pray that this Court enter an order finding as follows:

   a. That a declaratory judgment be issued that the Plaintiff's rights have been violated as alleged above;

   b. that Plaintiff recover from Defendant compensatory damages, exemplary damages, punitive damages, attorney's fees, and such other monetary relief as may be deemed appropriate;

c. that Plaintiff recover from Defendants prejudgment interest and post-judgment interest to the maximum extent permitted by law; and

d. any other further relief as this Court deems just and proper.

## COUNT IV

**Violation of New Jersey's Equal Pay Act, N.J.S.A. § 34:11-56.2, et seq.**

**(Discrimination in Pay based on Gender)**

55. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-53 of the Complaint as if set forth herein verbatim and at length.

56. Defendant paid their male employees at a higher rate than their female employees.

57. Despite Plaintiff's years of expertise and skill set, she was nonetheless paid at a lower rate than her male counterparts simply because of her gender.

58. This conduct of Defendant constituted an unlawful discrimination in pay based on gender against Plaintiff in violation of New Jersey's Equal Pay Act, N.J.S.A. § 34:11-56.2, et seq.

59. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged.

**WHEREFORE,** Plaintiff prays that this Court enter an order finding as follows:

a. That a declaratory judgment be issued that the Plaintiff's rights have been violated as alleged above;

b. that Plaintiff recover from Defendant compensatory damages, exemplary damages, punitive damages, attorney's fees, and such other monetary relief as may be deemed appropriate;

c. that Plaintiff recover from Defendants prejudgment interest and post-judgment interest to the maximum extent permitted by law; and

d. any other further relief as this Court deems just and proper.

DATED: January 18, 2021   s/ Prabhkaran S. Bedi
　　　　　　　　　　　　　Prabhkaran S. Bedi, Esq.
　　　　　　　　　　　　　**BEDI RINDOSH**
　　　　　　　　　　　　　1605 John Street, #305
　　　　　　　　　　　　　Fort Lee, NJ 07024
　　　　　　　　　　　　　Tel: 201.775.4222
　　　　　　　　　　　　　Fax: 201.777.3975
　　　　　　　　　　　　　pbedi@berilaw.com
　　　　　　　　　　　　　Attorneys for Plaintiff

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

DATED: January 18, 2021    s/ Prabhkaran S. Bedi
                                            Prabhkaran S. Bedi, Esq.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Prabhkaran S. Bedi, Esq. the undersigned attorney of record for PLAINTIFF do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any other jurisdiction or administrative proceeding.

DATED: January 18, 2021    s/ Prabhkaran S. Bedi
                                            Prabhkaran S. Bedi, Esq.